NEW-YORK, May, 1823.

The People
*vs.*
Anthony Bar-
tow.

---

## The People *vs.* Anthony Bartow.    *Assault and Battery.*

Anthony Bartow was charged with committing an assault and battery on
Ann Way, on the 5th day of May, 1823.

Is force nec-
essary to con-
stitute rape or
not ? quere.

It appeared, from the testimony of Ann Way, the pro-
secutrix, that she was a married woman, and lived with
her husband at No. 13 Catharine slip.

On the 15th of April last, the prosecutrix was engaged
in the oyster cellar of her husband, situate on the oppo-
site side of the way from his dwelling house. She return-
ed home and retired to bed about seven o'clock in the

evening, and fell asleep. She was awakened by a man whom she supposed to be her husband (as she stated) in the very act of sexual connection. He remained in bed some time, about half an hour, when her daughter, who was about nineteen years of age, came into the room and after lighting a candle, exclaimed to her mother who was still lying on the bed with the prisoner, "get up, mother, get up man." The prosecutrix immediately got up, as well as the prisoner, and seizing him, struck him, and ordered him out of the house. He went away.

When her husband returned, the circumstances were related to him. The prisoner was arrested the next day, or the day after, examined, and committed for trial. The prosecutrix said the villain had ravished her and ruined her. *Maxwell, District Attorney,* here rested the case.

*Price,* counsel for the defendant, observed to the Court, that he was most anxious to avoid, if possible, the disgusting inquiries to which a cross-examination of the prosecutrix must necessarily lead; and for that purpose, he would now contend that if the story of the prosecutrix was to be believed, the defendant was guilty of a felony, and that the assault and battery, or misdemeanor, of which he was indicted, was merged in the greater offence which the prosecutrix swears he perpetrated.

The Recorder, after a good deal of conversation with the other members of the Court, remarked, that if the offence committed by the defendant was a felony, then the objection would be valid, and the misdemeanor would be merged in it. But he said the defendant had obtained possession of the person of the prosecutrix, according to her account, by fraud, and had used no force, which was a necessary ingredient in the legal definition of a rape.

NEW-YORK,    *Price* admitted the definition of writers on the subject,
May, 1823.    and, indeed, of old cases, to be as the Recorder had stated.
The People    But fraud must be construed to mean force, a different
*vs.*          rule would be dangerous—would be intolerable in almost
Anthony Bar-
tow.          any condition of society.    The consequences are equally
shocking and ruinous in the one case as the other.    A
virtuous complainant could derive no consolation from the
fact, that force had not been superadded to the fraud of
the villain who destroyed her.    And surely the moral
guilt of the accused is magnified by the artifice under
which he may expect to commit this crime with impuni-
ty.    Indeed, this very Court, while Mr. Colden presided
as Mayor, decided that force was not necessary to the
commission of this offence.    It was not an indictment for
a rape—it was under the statute for an attempt to commit
a rape.    But the same question was under discussion, and
the Mayor expressly said, taht " if the defendant had suc-
" ceeded in deceiving the woman and accomplishing his
" purpose, he would have been guilty of a rape."

A Court and jury ought, undoubtedly, to receive a com-
plaint of this description with the greatest caution ; and
what should be evidence of a rape so committed, is not
now the question.    But before the Court can put this pris-
oner on his defence, they must decide, that judgment, as
in case of misdemeanor, only can be pronounced against
a defendant, who by fraud or stratagem, should obtain
such possession of the person of a female without her con-
sent and against her will.

*Maxwell, District Attorney,* contra.

The Court adhered to its decision, that force was an es-
sential ingredient in this kind of felony.

*Price* then proceeded to the cross-examination of the <span style="float:right">NEW-YORK,<br>Banks<br>*vs.*<br>Metcalfe.</span> prosecutrix; from which it appeared that she was upwards of fifty years of age, that she had been married to her present husband more than twenty-seven years; that she had on two or three occasions sold some trifling articles to the defendant, and had several times seen him in the neighborhood. In answer to a question asked, she said that the daughter of whom she spoke in her direct examination, was deaf and dumb. The counsel for the defendant then inquired of her if she was aware that she had caused the dumb to speak, as upon her direct examination she had made her daughter exclaim, " get up, mother —get up man." The prosecutrix throughout the cross-examination was very much embarrassed; and so palpably equivocated that the defendant's counsel proposed submitting the case without observation. This was acceded to, and the jury rendered a verdict of not guilty.

☞ Since this trial, we have been informed that Chief Justice Thompson at a Court of Oyer and Terminer in Albany, a few months previous to his leaving the Bench, ruled, that force was not necessary to the commission of a rape; but that stratagem might be tried to supply its place; and in a case of similar character, so charged the jury.